UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ANTHONY NWACHUKWU,

        Plaintiff,

v.

LIBERTY BANK

        Defendant

Case No. 3:16-cv-704 (CSH)

May 10, 2016

### INITIAL ORDER ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR INJUNCTION

**HAIGHT, Senior District Judge:**

      The Court construes Plaintiff's Motion [Doc. 1] as one for a temporary restraining order ("TRO") and/or a preliminary injunction. The case is governed by Rule 65 of the Federal Rules of Civil Procedure.

      The Court will conduct a hearing on Plaintiff's motion for a preliminary injunction on Thursday, May 12, 2016, at 2:00 p.m., in the courtroom on the 17th floor of 157 Church Street, New Haven, Connecticut.

      Plaintiff's motion includes a request for an *ex parte* TRO. That aspect of the motion is DENIED. Rule 65(b)(1)(A) provides that a TRO may issue without notice to the adverse party only if "specific facts in an affidavit or verified complaint show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). There is no indication, let alone a showing, that Plaintiff will suffer immediate and irreparable harm if the prayed-for TRO is not issued before the hearing in two days' time. According to the letter of bank officer Fujio [Doc. 4-1], the

Defendant Bank proposes to close Plaintiff's three accounts (or has already done so) and in either event, send Plaintiff "a check for the combined businesses."  Plaintiff's complaint [Doc.4] prays that his accounts be kept open, or reopened if they have been closed.  If Plaintiff wins his case on the merits, so that the Bank's closing of the accounts is adjudged to be unlawful and must be reopened, no irreparable harm is presently discernible.  Plaintiff alleges that various consequential damages have or might occur following a wrongful closing of the accounts.  If such damages are proven to have occurred, they appear to be compensable by money damages.

The hearing will consider whether a preliminary injunction should issue.  Counsel for Plaintiff must be prepared to discuss, among other issues, the question of irreparable injury, and the basis for this Court's subject matter jurisdiction.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         May 10, 2016

                              */s/ Charles S. Haight, Jr.*
                              CHARLES S. HAIGHT, JR.
                              Senior United States District Judge