# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

ANTHONY NWACHUKWU,

         Plaintiff,

v.

LIBERTY BANK,

         Defendant.

Civil Action No.
3:16 - CV - 704 (CSH)

JULY 1, 2016

## RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT [DOC. 23]

**HAIGHT, Senior District Judge:**

Plaintiff Anthony Nwachukwu ("Plaintiff"), a Connecticut resident and United States citizen of Nigerian descent, brings this action against Liberty Bank ("Defendant") alleging racially discriminatory treatment in the April 2016 closure of checking and savings accounts he held with that bank since 2013.  In his First Amended Complaint [Doc. 19], Nwachukwu currently seeks relief under ten claims, which he describes as follows:  breach of contract; breach of the implied covenant of good faith and fair dealing; negligent infliction of emotional distress; intentional infliction of emotional distress; violation of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, *et seq.*; civil rights violations under 42 U.S.C. §§ 1981, 1982, 1983, and 2000a; and violation of the policies of the Office of the Comptroller of the Currency ("OCC") of the United States Department of the Treasury.

Following the Court's recent denial without prejudice of Plaintiff's motion for a preliminary injunction and Defendant's filing of a motion to dismiss, Plaintiff now seeks to amend his "First Amended Complaint" pursuant to Fed. R. Civ. P. 15(a)(1)(B).  Doc. 23.  Under that provision of

1

Rule 15, "[a] party may amend its pleading *once as a matter of course* . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Put simply, a pleading may *not* be amended "as a matter of course" a second time. Instead, "[p]reviously amended pleadings may be subsequently amended only with the opposing party's written consent or the court's leave." *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 383 (D. Conn. 2008)(citing Fed. R. Civ. P. 15(a)). *See also Loubier v. Allstate Ins. Co.*, No. 3:09-CV-261 (JBA), 2010 WL 1279082, at *9 (D. Conn. Mar. 30, 2010) ("As the Second Amended Complaint is not Plaintiffs' first amendment to the pleading, they did not have the right 'as a matter of course' to file it."); *Deutsch v. Health Ins. Plan of Greater New York,* 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983) ("We also agree with plaintiff that the automatic amendment provisions of 15(a) do not apply to amendments of amended pleadings. The drafters of the Federal Rules precluded any suggestion to the contrary by providing in 15(a) that '[a] party may amend his pleading *once* as a matter of course.' (emphasis supplied).").

In the case at bar, Plaintiff previously amended his Complaint as a matter of course. *See* Doc. 19 ("First Amended Complaint," filed on May 27, 2016, "pursuant to Rule 15 of the Federal Rules of Civil Procedure"). He may not, therefore, amend a second time as a matter of course. Rather, absent Defendant's written consent, Plaintiff may only move to amend his complaint a second time with the Court's leave pursuant to Federal Civil Rule 15(a)(2) and must file a memorandum of law in support of his motion. *See* D. Conn. L. Civ. R. 7(a)(1) ("[a]ny motion involving disputed issues

2

of law shall be accompanied by a written memorandum of law").

If Plaintiff files a proper motion to amend, with the Court's leave, Defendant may, if so advised, file an objection "within twenty-one (21) days of the filing of the motion." *Id.* "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought [to amend] should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although leave to amend must be freely given under ordinary circumstances, denial is proper where the proposed amendment would be "futile." *Foman*, 371 U.S. at 182. An amendment is considered "futile" if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See, e.g., Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002 ) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).") (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *Donovan v. Am. Skandia Life Assur. Corp.*, 217 F.R.D. 325, 325 (S.D.N.Y. 2003) ("Where a proposed amended complaint cannot itself survive a motion to dismiss, leave to amend would be futile and may clearly be denied.") (citations omitted), *aff'd*, 96 F. App'x 779 (2d Cir. 2004); *see also Bentley v. Greensky Trade Credit, LLC*, No. 3:14-CV-1157 (VAB), 2015 WL 9581730, at *2 (D.Conn. Dec. 30, 2015) ("a Court may deny leave to amend if the proposed amendment would be futile because it fails to state a claim that would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)), *reconsideration denied sub nom.*, *Bentley v. Tri-State of Branford, LLC*, No. 3:14-CV-1157 (VAB), 2016 WL 2626805 (D.

3

Conn. May 6, 2016).[1]

As drafted and absent a supporting memorandum of law, Plaintiff's Motion to Amend [Doc. 23] as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) is DENIED WITHOUT PREJUDICE. On or before **August 1, 2016**, Plaintiff may refile his motion to amend as a proper motion by seeking the Court's leave to amend under Fed. R. Civ. P. 15(a)(2) and including an accompanying memorandum of law. Defendant may, if so advised, file a responsive pleading to such a motion on or before **August 22, 2016**; and Plaintiff may reply to Defendant's response, if any, on or before **September 6, 2016.**

It is So ORDERED.

Dated: New Haven, Connecticut
July 1, 2016

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[1] For example, a proposed amendment would be futile if it failed to state a claim, destroyed the Court's subject matter jurisdiction, or asserted claims which are time-barred by the relevant statutes of limitation.

4