UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY NWACHUKWU,<br><br>             Plaintiff,<br>v.<br><br>LIBERTY BANK<br><br>             Defendant | Case No. 3:16-cv-704 (CSH)<br><br><br>July 6, 2016 |

### ORDER ON MOTION TO QUASH

Defendant, Liberty Bank, moved under Federal Rule of Civil Procedure 45(d)(3)(A) to quash the subpoena to produce documents before the Court on May 12, 2016. Plaintiff filed no objection. This motion to quash is granted for the below-mentioned reasons.

First, the subpoena was served on the Defendant at 3:00 p.m. on the day before the hearing and requested "copious amounts of documents." Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i), which states in relevant part: "the court . . . must quash or modify a subpoena that . . . fails to allow a reasonable time to comply," the subpoena is quashed. Defendant, having less than twenty-four hours to respond, was not given a reasonable amount of time to comply.

Second, the subpoena requests documents that may involve disclosure of a "privileged or other protected matter." Federal Rule of Civil Procedure 45(d)(3)(A)(iii). The Defendants assert that it is possible that some of the documents may not be disclosed because federal statutes and regulations bar such a disclosure. The Defendant cites to several such statutes and regulations, including Section 314(a) of the USA Patriot Act of 2001, 31 U.S.C. Section 5318(g)(2)(A), and 12 CFR Part 309, among others. Though it is necessarily unclear to the Court what type of documents the bank may (or may not) be referring to, the Court looks to a frequently litigated example, the

Suspicious Activity Report ("SAR"). A SAR is a report filed when a bank suspects a violation of federal law or when a suspicious transaction arises related to money laundering or the Bank Secrecy Act under the Annunzio-Wylie Act, 31 U.S.C. § 5318(g). *See Wultz v. Bank of China, Ltd.*, 61 F.Supp.3d 272, 284 (S.D.N.Y. 2013). Pursuant to regulations promulgated by the Office of the Comptroller of the Currency, "a bank may not product (*sic*) documents in discovery evidencing the existence or contents of a SAR." *Bank of China v. St. Paul Mercury Ins. Co.*, 2004 WL 2624673, *5 (S.D.N.Y. Nov. 18, 2004); *see also* 12 C.F.R. § 21.11(k)(1)(i) ("Any national bank, and any director, officer, employee, or agent of any national bank that is subpoenaed or otherwise requested to disclose a SAR, or any information that would reveal the existence of a SAR, shall decline to produce the SAR . . . ."). To the extent that the subpoena requests protected documents, such as a SAR, it is quashed on that alternative basis.

    It is SO ORDERED.

Dated:  New Haven, Connecticut
         June 6, 2016

                         */s/ Charles S. Haight, Jr.*
                        CHARLES S. HAIGHT, JR.
                        Senior United States District Judge