UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY NWACHUKWU,<br><br>            Plaintiff,<br>v.<br><br>LIBERTY BANK<br><br>            Defendant | Case No. 3:16-cv-704 (CSH)<br><br>July 20, 2016 |

**ORDER ON SECOND MOTION TO AMEND/CORRECT**

Plaintiff's motion [Doc. 29] to file a Second Amended Complaint is DENIED.  Plaintiff's First Amended Complaint was previously filed as of right.  His brief accompanying the present submission agues that this second amended pleading can also be filed as of right.

This argument is wrong.  The brief purports to quote Rule 15(a)(1)(A), Fed.R.Civ.P., as providing that "a party may amend its pleading, i.e., complaint, as a matter of course within 21 days after serving it."  Brief at 2.  In point of fact, Rule 15(a)(1)(A) actually reads: "A party may amend its pleading *once* as a matter of course within: (A) 21 days after serving it . . . " (emphasis added).  Counsel's paraphrase omits the adverb "once," a sleight-of-hand which eviscerates the Rule.  A pleading may be amended as of right (that is, without the opposing party's consent or leave of court) *once*, which in plain English means "one time and no more."  *Webster's New Collegiate Dictionary* (1976) at 801.  This is one of the relatively rare occasions when the meanings of plain English and and legal terminology are the same.  Professor Moore's treatise says that "when Rule 15(a)(1) gives a party one opportunity to amend 'as a matter of course,' the rule is providing a *single opportunity* to amend without seeking either leave of court or the opposing party's consent."  3 *Moore's Federal*

1

*Practice,* § 15.10[1] Matthew Bender 3d ed.) (emphasis added).  The 21 day-after-service provision counsel cites refers only to a first amendment made as of course, and has nothing to do with the case at bar, where plaintiff has previously amended his complaint.  If the Rule were construed as counsel purports to read it, a plaintiff could file (as of course and without leave) and require the defendant to answer a limitless number of amended complaints, provided only that the latest pleading was filed within 21 days after the service of its immediate predecessor.  That would do violence to the wording and the clear purpose of Rule 15(a).

Counsel for Plaintiff either does not understand the plain language of the Rule, or chooses to disregard it, perhaps in the hope that no one will notice.  That quality of advocacy should be avoided.  Plaintiff's motion to file and serve a Second Amended Complaint is DENIED, WITHOUT PREJUDICE to Plaintiff's efforts to obtain Defendant's consent, or move this Court for leave to amend in proper form.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         July 20, 2016

                                           */s/ Charles S. Haight, Jr.*
                                           CHARLES S. HAIGHT, JR.
                                           Senior United States District Judge