UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ANTHONY NWACHUKWU,

        Plaintiff,

v.

LIBERTY BANK,

        Defendant

Case No. 3:16-cv-00704 (CSH)

November 2, 2017

**ORDER ON DEFENDANT'S MOTION TO DISMISS THE
SECOND AMENDED COMPLAINT IN PART**

HAIGHT, Senior District Judge:

      By its Motion to Dismiss [Doc. 44], Defendant Liberty Bank ("the Bank" or "Defendant") asks the Court to dismiss the First Count of the Second Amended Complaint [Doc. 43] filed in this matter by Plaintiff Anthony Nwachukwu ("Plaintiff"). That Count alleges a violation of 42 U.S.C. § 1981, a civil rights statute which prohibits racial discrimination in the formation and enforcement of contracts. Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted, because Plaintiff's § 1981 claim alleges discrimination based on national origin, which is not a protected category under § 1981, and that the Court should therefore dismiss the claim under Federal Rule of Procedure 12(b)(6). Def. Br. 3. Plaintiff has filed an Objection [Doc. 49] to the instant Motion. This Order will resolve that Motion.

**I. STANDARD OF REVIEW**

      In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must set forth sufficient

1

factual allegations, which, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)) (internal quotation marks omitted). In applying this standard, the Court is guided by "'[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). First, all factual allegations in the complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor, although the Court need not accept "legal conclusions" or similar conclusory statements. *See id.* Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" and only if a complaint states a plausible claim for relief will it survive a motion to dismiss. *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted).

As discussed at greater length in the Court's prior Ruling [Doc. 42], discrimination claims brought under §1981 are subject to the burden-shifting framework first established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Applying *McDonnell Douglas* to a § 1981 claim, a plaintiff establishes a prima facie case of illicit discrimination if the plaintiff can show (1) that he or she is a member of a protected racial minority; (2) that the complained-of discrimination concerned one of the activities enumerated by § 1981; and (3) "some minimal evidence suggesting an inference that the [defendant] acted with discriminatory motivation." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 307 (2d Cir. 2015). *See also Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 261 (2d Cir. 2000). Those showings, if made, raise a temporary presumption of discriminatory motivation, which shifts the burden of production to the defendant to come forward with a non-invidious justification for the adverse action. *Littlejohn*, 795 F.3d at 307. If the defendant presents

evidence for that justification, the presumption vanishes, and the burden shifts back to plaintiff, who must demonstrate that the defendant's proffered reason was not the true, or in any event the sole, reason for the allegedly discriminatory action, a burden that "merges with plaintiff's ultimate burden of showing that the defendant intentionally discriminated against her." *Id.* at 307-08.

In *Doe v. Columbia University*, 831 F.3d 46, 56 (2d Cir. 2016), the Second Circuit held that a pleading "is sufficient with respect to the element of discriminatory intent" if it "pleads specific facts that support a minimal plausible inference of such discrimination." Thus, on a motion to dismiss under Rule 12(b)(6), an "allegation of facts supporting a minimal plausible inference of discriminatory intent suffices as to this element of the claim because this entitles the plaintiff to the temporary presumption of *McDonnell Douglas* until the defendant furnishes its asserted reasons for its actions against the plaintiff." *Doe v. Columbia University*, 831 F.3d 46, 54-55 (2d Cir. 2016).

## II. DISCUSSION

Defendant does not contest Plaintiff's membership in a protected racial minority group (African-Americans), nor that the complained of action (closure of Plaintiff's accounts) concerns the rights protected by § 1981. The sole question now before the Court, on the instant Rule 12(b)(6) Motion, is whether Plaintiff has pleaded specific facts that support a "minimal plausible inference" of racially discriminatory intent on the part of Defendant Bank as to the First Count of the Second Amended Complaint ("SAC"). *Doe*, 831 F.3d at 56.

Plaintiff alleges the following specific facts: (1) That on April 4, 2016, an employee of Defendant Bank inquired as to Plaintiff's national origin and line of work. SAC, ¶ 21. (2) The existence of a "widely held belief and unfairly prejudiced belief that Nigerians were often involved in sham international banking schemes and illicit activities involving banking." *Id.* ¶ 26. (3) That

3

the decision to close his accounts was taken on the same day as Defendant's employee inquired into his nation of origin. *Id.* ¶ 27. (4) That Defendant's Vice President told Plaintiff, during an April 29, 2016 phone call, "We don't want money from your type." *Id.* ¶ 34.

The Court finds that these four specific factual allegations, combined with Plaintiff's uncontested membership in a racial minority group, are sufficient to establish the requisite "minimal plausible inference" of racially discriminatory intent. *See Doe*, 831 F.3d at 56.

Defendant counters that, while the facts pleaded may establish an inference of discriminatory intent as to *national origin*, they are insufficient to create an inference of discriminatory intent as to *race*, as required to state a claim under § 1981. This argument is without merit. As the Supreme Court has held, § 1981 "protect[s] from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Defendant is correct that allegations of discrimination based upon national origin *alone* cannot support a claim under § 1981. *Id.* But what Plaintiff alleges here is a form of racial discrimination informed by prejudice towards African-Americans of Nigerian origin. *See, e.g.*, SAC ¶¶ 48-50 ("First Vice President Fujio's actions were based on invidious racially motivated, national origin and/or color-based discriminatory animus directed against African-American people, in particular of Nigerian descent.")

In so deciding, I note that Plaintiff's pleading under § 1981 is markedly analogous to one found sufficient by a district court in Pennsylvania, where a plaintiff of Indian origin made a variety of employment discrimination claims, including one under § 1981. *See Gupta v. Sears, Roebuck & Co.*, No. CA 07-243, 2007 WL 2253609 (W.D. Pa. Aug. 3, 2007). There, the court denied a Rule 12(b)(6) motion to dismiss the § 1981 claim, finding that:

4

> Plaintiff has not merely pled that she was discriminated against based on the fact that she immigrated to the United States from India, but rather she has also pled that she is a woman of color and has a noticeable accent. These characteristics are clearly evidence of her Indian ethnicity. To the extent that Plaintiff can demonstrate that she was subjected to intentional discrimination based on the fact that she was born an Indian, rather than solely on the place or nation of her origin . . . she will have made out a case under § 1981.
>
> In this case, the fact that Plaintiff is a native of India is inextricably tied to physical manifestations of her Indian ethnicity.
>
> Therefore, although Plaintiff has averred "national origin" as the basis for her claim under § 1981, she has also properly pled race as the basis of the same.

*Id.* at *3-4 (citations omitted) (citing *St. Francis Coll.*, 481 U.S. at 613). *See also Uzoukwu v. Metro. Washington Council of Gov'ts*, 27 F. Supp. 3d 62, 67 (D.D.C. 2014) ("While there may be some overlap between claims based on national origin and claims based on protected status under Section 1981, any potential overlap does not disqualify a Plaintiff from going forward under Section 1981."); *Jadama v. Keycorp*, No. 6-10-cv-1586, 2011 WL 2432931, at *3 (N.D.N.Y. June 14, 2011) (plaintiffs of Gambian and Indian national origin sufficiently pleaded "intent to discriminate against them because of their race and/or national origin" under 28 U.S.C. § 1982, where defendant bank allegedly accused them of abetting terrorism and/or "Nigerian scams"); *Rumala v. N.Y. City Transit Auth.*, No. 02CV3828SLTKAM, 2005 WL 2076596, at *9 (E.D.N.Y. Aug. 26, 2005) ("although [Nigerian] Plaintiff's racial discrimination claims are inextricably tied to his national origin, that fact in and of itself does not bar this Court from hearing his claims."); *Edankem v. Dist. of Columbia*, No. 91-1060 (LFO), 1992 U.S. Dist. LEXIS 4822, at *5 (D.D.C. April 10, 1992) (denying motion to dismiss § 1981 claim where Nigerian plaintiff's pleadings alleged discrimination based on his national origin as well as "his status as an African and a black"). The allegations contained in the Second Amended Complaint allow for the minimal plausible inference of racially discriminatory

intent – and at this early stage of the litigation, Plaintiff need not go any further to state a claim.

### III. CONCLUSION

Fore the foregoing reasons, I find that Plaintiff has adequately pleaded the elements of a claim under § 1981, including the requisite minimal plausible inference of racially discriminatory intent. Accordingly, Defendant's Motion to Dismiss the First Count of the Second Amended Complaint is DENIED.

The foregoing is SO ORDERED.

Dated:   New Haven, Connecticut
         November 2, 2017

                                                      /s/ *Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge