UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY NWACHUKWU            :

v.                           :         Case No. 3:16 CV 00704-CSH

LIBERTY BANK                 :         MARCH 12, 2018

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER PURSUANT TO D. CONN. L. CIV. R. 7 (d)**

The Defendant, Liberty Bank, files this reply brief pursuant to D. Conn. L. Civ. R. 7 (d) in order to address arguments made by the Plaintiff, Anthony Nwachukwu, in his Objection to Defendant's Motion for Protective Order, which was filed on February 27, 2018.

The Plaintiff, in his Memorandum of Law In Support of Plaintiff's Objection to Defendant's Motion for Protective Order (Objection), misconstrues the central purpose behind the Defendant's filing a Motion for Protective Order. The Plaintiff appears to think that it is an objection to the Plaintiff's Interrogatories and Requests for Production (which he attached to the Objection). It is not.

The Defendant originally filed this motion for Protective Order on November 17, 2017, in order to shield from disclosure items, were they to exist, that would otherwise be required to be disclosed under Federal Rule of Civil Procedure 26(a)(1). The deadline for the 26(a)(1) disclosures was looming at that time period. The Defendant filed the Motion for Protective Order in conjunction with its disclosures under Rule 26(a)(1) so as to

1

prohibit the disclosure of discovery of certain documents, should they exist. The Motion for Protective Order was not filed in response to the Plaintiff's interrogatories or requests for production. The impetus for its filing was the requirements of 26(a)(1), which could potentially require a party to violate the law by requiring the disclosure of certain protected documents. Liberty Bank acknowledges that the Protective Order might extend to information or documents also sought in Plaintiff's discovery. However, Defendant intends to respond or object to Plaintiff's discovery in course. The Protective Order is merely an attempt to deal with potential disclosure conflicts that may exist. In that sense, it is reactive to Rule 26(a)(1) and proactive concerning expected discovery. The Defendant believes this issue, as explained to counsel for Plaintiff, must be resolved by the Court before the parties can move forward with discovery.

Moreover, it bears pointing out to the Court that the Plaintiff expressly admits that solid grounds exist for the Court granting the Defendant's Motion for Protective Order. The Plaintiff states in the Objection: "We concede that despite the strict requirements of Rule 26(c) regarding disclosure, that the regulations cited by the Defendant, such as 31 U.S.C. Section 5318(g) and 12 CFR Section 21.11 (k), would preclude the Defendant from disclosing information or documents covered by those federal regulations, and that a protective order from disclosing such information would be appropriate." See Objection p. 6.

The Plaintiff complains that: "The Defendant ignored the requirements of Rule 26(c) based upon its cavalier, unsupported claim that such a conference 'would be impossible' based upon the nature of the relief sought." Objection p. 5. The Defendant acknowledges that the parties are required to confer and make a good faith effort to resolve simple objections to interrogatories and requests for production prior to seeking a ruling from the Court. However, the very nature of the relief sought in the Protective Order makes it impossible for the parties to confer and resolve the issues contained therein, as it concerns documents or information that may or may not exist. If the documents or information that are the subject of the Protective Order do exist, the Defendant is not permitted to discuss them or even acknowledge their existence.

Once the Court has ruled on the Motion for Protective Order, the Defendant is happy to discuss the Plaintiff's discovery requests. Defendant fully intends to respond or object the Plaintiff's interrogatories and requests for production. If there are objections to the Plaintiff's discovery requests, Defendant will do so in a detailed and specific manner as prescribed by the Rules of Civil Procedure. In any event, there is no prejudice suffered by Plaintiff in Defendant seeking this Protective Order as a preliminary manner.[1] The deadline for completion of discovery is August 2018.

Finally, the Plaintiff argues that the Defendant has not met the "good cause" standard under Rule 26(c). In reality, there is the potential for civil and criminal penalties

---

[1] The Plaintiff, himself, has not made any Rule26(a)(1) disclosures and the Defendant has not served discovery on the Plaintiff, which the Defendant fully intends to do once we get guidance from the Court on the Protective Order.

for the disclosure of the materials, if they exist, that are the subject of the Motion for Protective Order. Accordingly, there is good cause for seeking the Protective Order as it may protect a party from running afoul of federal laws and regulations with strict penalties.

 For the foregoing reasons, and for the reasons articulated in the Memorandum of Law in Support of the Motion for Protective Order, the Defendant respectfully requests that the Motion for Protective Order be granted.

|       |                                      |
|-------|--------------------------------------|
|       | DEFENDANT,<br>LIBERTY BANK           |
| By:   | /s/ Joseph V. Meaney, Jr. ct04315<br>JOSEPH V. MEANEY, JR.<br>ct04315<br>Cranmore, FitzGerald & Meaney<br>49 Wethersfield Avenue<br>Hartford, CT 06114<br>Telephone: (860) 522-9100<br>Facsimile: (860) 522-3379 |

## CERTIFICATION OF SERVICE

      I hereby certify that on March 12, 2018, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

John A. Sodipo, Esq.
Law Offices of Jacobs & Sodipo, LLC
120 Oxford Street
Hartford, CT 06105

                                            By: /s/ Joseph V. Meaney, Jr. ct04315
                                                     JOSEPH V. MEANEY, JR.