UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY NWACHUKWU,

        Plaintiff,

v.

LIBERTY BANK,

        Defendant.

Civil Action No.
3:16-cv-704 (CSH)

**JANUARY 8, 2019**

## RULING ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSE AND MOTION FOR EXTENSION OF TIME

**HAIGHT, Senior District Judge:**

Plaintiff Anthony Nwachukwu brings this action against Defendant Liberty Bank, alleging that it discriminated against him because of his race and national origin, in violation of 42 U.S.C. §§ 1981, 1982. Plaintiff moved for an order to compel Defendant to provide discovery responses to Plaintiff's first set of interrogatories and production dated March 24, 2017. Doc. 70. Noting that Plaintiff's motion lacked a supporting affidavit in accordance with Rule 37(a) of the Federal Rules of Civil Procedure and Local Rules of Civil Procedure,[1] the Court directed Plaintiff "to file an

---

[1] "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules in this district state that when filing a motion to compel:

> [C]ounsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an

affidavit by January 7, 2019, (1) detailing the good faith efforts to confer with opposing counsel to resolve the subject discovery dispute without the intervention of the Court, (2) affirming that parties have been unable to reach such an agreement, and (3) specifying the resolved and unresolved issues '[i]f some of the issues raised by the motion have been resolved by agreement.' Plaintiff must also file a 'specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed.'" Doc. 74 (citations omitted). Plaintiff then sought an extension of time to file such an affidavit. Doc. 76.

Plaintiff indicates in his unopposed motion for an extension of time that "the parties have made considerable progress in resolving issues relative to outstanding discovery." *Id.* ¶ 1. Moreover, "[b]oth parties agree that *it is not necessary for the Court to consider the Motion to Compel* at this time while the parties work together to resolve any discovery disputes. Accordingly, the Defendant consents to an extension of time by which Plaintiff would be required to file an Affidavit in support of his Motion to Compel, *should it become necessary* for Plaintiff to pursue same." *Id.* ¶ 2 (emphasis added).

Plaintiff's words suggest that his motion to compel discovery was prematurely filed and that court intervention is not needed at the present time. Parties have seemingly worked through the issues that led to Plaintiff's filing of a motion to compel on their own. *See id.* The parties' progress in discovery also extinguishes the need for the Court to decide on Plaintiff's motion to compel and

---

agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.
D. Conn. L. Civ. R. 37(a).

related motion for an extension of time. Should parties later encounter discovery disputes *after a good faith effort* to resolve them, the Court will entertain future motions to compel. Accordingly, Plaintiff's Motion to Compel Discovery Response, [Doc. 70], and Motion for Extension of Time to File Supporting Affidavit Regarding Motion to Compel Discovery Response, [Doc. 76], are DENIED AS MOOT.

It is SO ORDERED.

Dated: New Haven, Connecticut
      January 8, 2019

                                    */s/ Charles S. Haight, Jr.*
                                    Charles S. Haight, Jr.
                                    Senior United States District Judge