ANTHONY NWACHUKWU,

                Plaintiff,

v.

LIBERTY BANK,

                Defendant.

Civil Action No.
3:16-cv-704 (CSH)

**MAY 17, 2019**

## ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND PARTIES' JOINT MOTION TO EXTEND CASE MANAGEMENT DEADLINES AND TO SCHEDULE A STATUS CONFERENCE

**HAIGHT, Senior District Judge:**

Plaintiff Anthony Nwachukwu brings this action against Defendant Liberty Bank, alleging that it discriminated against him because of his race and national origin, in violation of 42 U.S.C. §§ 1981, 1982. Plaintiff moves for a protective order that would preclude him from answering certain interrogatory questions and producing certain documents. Doc. 78. Parties also jointly move to request one hundred and twenty (120) days to modify the scheduling order to allow completion of discovery and also seek a telephone status conference to discuss discovery issues. Doc. 79. This Court will address each of these motions in turn.

A.     **Plaintiff's Motion for Protective Order**

Plaintiff's motion for a protective order is made pursuant to Fed. R. Civ. P. 26(c)(1)(A) and (C) , on the theory that answering certain interrogatory questions and requests for production from the Plaintiff "would cause undue annoyance, oppression, and an undue burden on the Plaintiff for

information that is largely irrelevant to this lawsuit, and will not lead to any relevant information."[1] Doc. 78. The Court denies Plaintiff's motion as it is not in accordance with the Federal Rules or the Local Rules.

The Federal Rules of Civil Procedure state that "a party or any person from whom discovery is sought may move for a protective order . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c).

Because Plaintiff invokes Rule 26, he must also comply with two provisions set forth in Local Rule 37:

> (a) No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

> (b)(1) Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason

---

[1] The Parties' joint motion discussed herein mentions that "some of the answers [sought by Defendant] might include information that is sealed in another case by this Court." Doc. 79 at 2. Plaintiff's motion for a protective order should have included such pertinent information.

why the item should be allowed or disallowed. Where several different items of discovery are in dispute, counsel shall, to the extent possible, group the items into categories in lieu of an individual listing of each item. Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(a) and (b)(1).

Plaintiff's motion does not mention any good faith efforts to resolve the discovery issues to which his motion pertains, let alone an affidavit certifying such an effort was made. He also claims that a memorandum of law is unneeded "since the issue with respect to the Motion for a Protective Order is factual." Doc. 78 at 1 n.1. The Court disagrees that there are no issues of law. A supporting memorandum for Plaintiff's motion should at least put forth the standard of review for granting a protective order and present cases that support Plaintiff's position that Defendant's discovery requests are annoying, embarrassing, oppressive, or would cause Plaintiff undue burden or expensive. *See* Fed. R. Civ. P. 26(c)(1). With respect to presenting the issues of fact, Plaintiff's motion is lacking as well. He does not include as an exhibit "copies of the discovery requests in dispute." D. Conn. L. Civ. R. 37(b)(1). Without knowing exactly what the disputed discovery requests entail, the Court is unable to evaluate the merits of Plaintiff's motion. For these reasons, the Court DENIES Plaintiff's motion for a protective order.

**B.    Parties' Joint Motion to Extend Case Management Deadlines and to Schedule a Status Conference**

Parties have had numerous discovery disputes in this action. *See* Docs. 37, 54, 59, 70, 78. They remain in the initial stages of discovery due to litigating these disputes. Consequently, parties have missed the original deadline to complete fact discovery, October 27, 2017, by many months. *See* Doc. 50. It is apparent to the Court that the scheduling order in place is in need of amendment

and that the parties would likely benefit from their requested status conference. Accordingly, the Court imposes a STAY on discovery and all deadlines in this case and GRANTS the parties' joint motion for a status conference. The Court will determine a deadline for parties to submit an updated Report of Parties' Rule 26(f) Planning Meeting after the status conference and then lift the stay once the Court issues a new scheduling order.

To schedule said status conference, the parties are directed to confer with one another and jointly submit the following on or before **June 7, 2019**:

1. Dates and times for a telephone status conference that are agreeable for both parties;

2. A summary of parties' good faith efforts to resolve their discovery disputes since the issuance of the most recent scheduling order, [Doc. 50];

3. A specific listing and description of *all* current discovery disputes; and

4. Copies of the discovery requests in dispute.


It is SO ORDERED.
Dated: New Haven, Connecticut
        May 17, 2019


 */s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge