UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY NWACHUKWU | : | |
| v. | : | Case No. 3:16 CV 00704-CSH |
| LIBERTY BANK | : | JUNE 7, 2019 |

### JOINT MEMORANDUM FOR STATUS CONFERENCE

The parties jointly file this memorandum pursuant to the Court's order dated May 17, 2019.

<u>Dates and times for a telephone status conference agreeable to both parties:</u>

The parties propose a telephonic status conference to be held the afternoon of July 1, 2019 or the morning of July 2, 2019.

<u>Summary of parties' good faith efforts to resolve discovery disputes since the issuance of the most recent scheduling order and specific listing and description of all current discovery disputes:</u>

1.  The parties have been in communication regarding the outstanding discovery owed by both parties in the above captioned matter. The Plaintiff owes Rule 26a initial disclosures to Defendant, and both parties owe responses and/or objections to interrogatories and requests for production.

2.  By way of background, the Defendant Moved for a Protective Order precluding the disclosure or discovery of certain information, should it exist, on January

1

10, 2018 (Doc. #59). The Plaintiff objected and each party filed subsequent replies. The Court granted, in part, the Defendant's Motion for a Protective Order on May 1, 2018 (Doc. #65) and instructed the Defendant to file a Proposed Order, which Defendant filed on May 15, 2018 (Doc. #66). The Court entered a Protective Order on June 5, 2018 (Doc. #69). Said Order instructed Defendant to provide certain documents, if they should exist, to the Court for an in camera review.

3. The Plaintiff subsequently filed a Motion to Compel the Defendant to respond to certain interrogatories and requests for production on July 6, 2018 (Doc. #70).

4. The Defendant Objected to the Plaintiff's Motion on July 26, 2018 (Doc. # 71) on the basis of, among other things, that its counsel had attempted to resolve outstanding discovery issues with Plaintiff's counsel on or about May 15, 2018, and that it was premature for Defendant to respond to said discovery prior to the Court's resolution of issues relating to the Protective Order.

5. The Court completed it's in camera review on or about December 26, 2018 (Doc. #75).

6. Defendant could not comply with discovery prior to the Court's completion of it's in camera review.

7. Additional time is needed for the Plaintiff to make disclosures under Rule 26a, and both parties require additional time to discuss their respective objections to interrogatories and requests for production.

8. The parties agree to continue to confer in an attempt to resolve the pending objections to interrogatories and requests for production.

Copies of discovery requests in dispute are attached hereto.

In addition to outstanding disclosures and production owed by the Plaintiff under rule 26, both parties have objected to written discovery. Those objections are attached hereto.

| | |
|---|---|
| PLAINTIFF,<br>ANTHONY NWACHUKWU | DEFENDANT,<br>LIBERTY BANK |
| By: _____<br>JOHN A. SODIPO<br><br>Law Offices of Jacobs & Sodipo, LLC<br>120 Oxford Street<br>Hartford, CT 06105 | By: _____<br>KYLE R. PAVLICK<br>ct27570<br>Cranmore, FitzGerald & Meaney<br>1010 Wethersfield Avenue<br>Suite 206<br>Hartford, CT 06114<br>Telephone: (860) 522-9100<br>Facsimile: (860) 522-3379 |

UNITED STATES DISTRICT
COURT DISTRICT OF
CONNECTICUT

ANTHONY NWACHUKWU

    Plaintiff,

v.                                 Case No. 3:16 CV 00704-CSH

LIBERTY BANK

                                      June 7, 2019

    Defendant

## PLAINTIFF'S PROPOSED OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff **Anthony Nwachukwu,** anticipates making the following objections to the Defendant's first Set of Interrogatories dated June 22, 2018

1. Please state each and every company, business entity, or person you have been employed by or at within the last twenty years.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

2. For each and every company, business entity, or person you have been employed by or at within the last twenty years, identify your direct supervisor, the position held, your responsibilities and the nature of the business.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

3. For each and every job or position you held in the last twenty years, please state whether or not you left the job or position, when you left, and the reason for leaving.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

4. Identify all financial accounts, including checking, savings, money market, credit union, or other such cash management accounts, whether open or closed within the last twenty (20 years), in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your own name with another person, or in any other name. For each account so identified please state the following information:
    a. the name and address of each institution;
    b. the date on which each account was opened;
    c. the name in which the account is or was maintained;
    d. account numbers;
    e. if the account was closed, the reason the account was closed;
    f. if the account was closed, the date on which the account was closed;

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

5. Have you ever been convicted of a criminal charge, been acquitted by reason of mental disease or defect, entered a pretrial diversion program or been the respondent in a criminal protective order? If so, state the nature of each charge and identify the arrest report and all other documents relating to each conviction, acquittal by reason of mental disease or defect, pretrial diversion program, or criminal protective order

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

6. Are there any criminal charges or investigations pending against you? If so, identify the arrest report and all other documents related to each pending charge or investigation.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

7. State whether you have received any medical treatment for any injuries, physical or mental, allegedly sustained by you as a result of the incidents that form the basis of the lawsuit, and if so, state the following:

    a.    The name and address of each such physician, psychiatrist, psychologist, or other health care practitioner who provided treatment;
    b.    His or her specialty;
    c.    Each date of examination and/or treatment;
    d.    The nature of the examination and/or treatment;

  e. Whether you were discharged from treatment, and if so when;
  f. The diagnosis and prognosis given, if any;
  g. An itemization of the charges for each examination and/or treatment.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

8. If you claim you are not fully recovered, state precisely from what injuries or conditions you are presently suffering.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

9. Describe, in detail, all damages that you are claiming as a result of the defendant's alleged wrongful conduct.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

10. Identify the name, title, and address of each person who has knowledge of any of the facts concerning the subject matter of this lawsuit.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

11. List each item of expense that you claim to have incurred as a result of the defendants' alleged wrongful conduct, the amount thereof, and the name and address of the person or organization to whom each item has been paid or is payable.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance**

12. Identify all expert witnesses whom you intend to call to testify, and for each, state the following:

  a. the name and address of the expert;
  b. the background and area of expertise for each expert;
  c. the subject matter upon which the expert is expected to testify;
  d. the substance of the facts and opinions to which the expert is expected to testify;

    e.    a summary of the ground for each expert opinion; and
    f.    whether the expert has made any report to you or your attorneys either oral or written, concerning this lawsuit.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

13. Please list each communication you or anyone acting on your behalf had with the Defendant concerning or relating to any of the allegations made in the Complaint.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

14. For each communication identified in Interrogatory 13, please state in detail the substance of that conversation, stating in chronological order what was said by each of the parties.

**ANSWER: ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

15. For each communication identified in Interrogatory 13, please identify any documents or recordings which evidence or substantiate any communications, including audio recordings. For each document or recording identified, please identify the person who has possession of it. If it was destroyed or lost, please state the circumstances concerning its destruction or loss.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance**

16. Please identify each person who was present during each and every communication between yourself and the Defendant, relating to or concerning any of the allegations made in the Complaint. For each person so identified, please state their name, address, and telephone number.

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance**

17. Please identify each person who has any knowledge of the facts concerning any of the allegations made in the Complaint. For each person so identified, please

state their name, address, and telephone number.

**ANSWER: Objection: Attorney/client privilege**

18. Please identify each and every document which contains information relating to or concerning any of the allegations in the Complaint. For each document so identified, please identify who has possession of the document.

**ANSWER: Objection on the basis of attorney/client privilege**

19. Please detail and describe any and all communication you have had, in the last ten (10) years, with any banking institution relating to the opening or closing of any accounts, and, for each such communication, please indicate:

    a. the name and address of the parties, participants or witnesses to any such communication;
    b. the date of such communication;
    c. the substance and context of such communication;
    d. the purpose of the communication;
    e. whether the communication was in writing;
    f. if the communication was in writing, the location of any such writing or document;
    g. the result or consequence of any such communication;

**ANSWER: Objection: The Plaintiff objects on the basis that is overly broad and lacks relevance.**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY NWACHUKWU<br><br>Plaintiff,<br><br>-v-<br><br>LIBERTY BANK<br><br>Defendant. | CIVIL ACTION NO. 3:16-CV-704 (CSH)<br><br><br>JULY 26, 2018 |

## DEFENDANT'S PROPOSED OBJECTIONS TO INTERROGATORIES

The Defendant, **Liberty Bank**, anticipates making the following objections to the Plaintiff's First Set of Interrogatories dated March 24, 2017:

**General Objection: The Defendant objects insofar as the Plaintiff has cited Connecticut Practice Book Sections 13-6 through 13-10 and attempts to impart Connecticut State Superior Court rules of discovery in this, a federal lawsuit. The Federal Rules of Civil Procedure clearly and exclusively govern the discovery process in this case.**

2.   Please state with specificity each and every federal, state, local and internal anti-discriminatory policies, regulations, laws or other guiding principles Liberty Bank is obligated to follow, specifying each such policy, regulation(s), laws or other guiding principles referred to in your response.

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is overly broad and ambiguous. The interrogatory is confusing insofar as it calls for the Defendant to identify "guiding principles" in its response. Furthermore, the Defendant is not a lawyer and cannot be expected to identify each and every federal, state, local or other regulation, laws or authority which governs the Bank's conduct.**

**This interrogatory appears designed to have the Defendant research applicable laws for the Plaintiff's claims. The laws and regulations speak for themselves.**

4.   In the five years previous to the closing of the Plaintiff's checking account by Liberty Bank, how many other accounts, checking or saving, were closed by Liberty Bank throughout the State of Connecticut for reasons given the Plaintiff as alleged in the complaint, i.e., "we don't want to do business with people of your type."

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is argumentative and presumptive in that it assumes the truth of allegations made in the Complaint which were denied by the Defendant.**

5.   In the five years previous to the closing of the Plaintiff's checking account by Liberty Bank, how many other accounts, checking or saving, were closed by Liberty Bank throughout the State of Connecticut for:

   (a) the manner and amounts of bi-weekly deposits;

   (b) the locations from which such bi-weekly deposits into such accounts were made; and,

   (c) bi-weekly deposits over a specific amount, and if so, state the exact amount for which such accounts were closed.

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is overly broad, unduly burdensome, vague and ambiguous. The interrogatory is unclear.**

6.   State how many customers at Liberty Bank's West Hartford branch make deposits into checking or savings accounts on a regular basis, i.e., weekly, bi-weekly, monthly or other regular basis.

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, vague, and represents oppression and harassment in the scope and breadth**

of the request. Furthermore, the information requested may be protected by bank privacy laws.

7. As to those customers at Liberty Bank referred to in the previous interrogatory, how many make:

    (a) weekly deposits of $500 or more;

    (b) bi-weekly deposits of $1,000 or more;

    (c) monthly deposits of $5,000 or more; and

    (d) regular deposits of $10,000 or more.

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence, it is not limited in time and is overly burdensome. Furthermore, the information requested may be protected by bank privacy laws.**

8. Does Liberty Bank in any of its branches engage in business of any kind or direct investments with countries from outside of the United States, or have banking customers from outside of the United States? If so, state which countries in which it does any such business, investments or has any such banking customers.

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, vague, and represents oppression and harassment in the scope and breadth of the request.**

9. Does Liberty Bank or any of its branches have any customers who came to the United States from other countries, and if so, are any from Nigeria.

**Objection. The Defendant objects to the foregoing interrogatory insofar as it violates bank privacy laws.**

11

14. Who at Liberty Bank's West Hartford branch had the authority to close a checking account that was not overdrawn and up to date on all fees charged by the Bank?

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is redundant or repetitive in that it seeks the same information provided in response to Interrogatory 3 above.**

15. Did such authorized employees at Liberty Bank's West Hartford branch referred to in the previous interrogatory have to seek the approval of more senior employees before terminating such accounts? If so, name the persons and each of their titles.

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is redundant or repetitive in that it seeks the same information provided in response to Interrogatory 3 above.**

16. State the specific procedures at Liberty Bank for terminating a banking customer's account at the Bank pursuant to Liberty Bank's Personal Deposit Account Agreement, Part II, section A. General Rules for all Accounts, subsection 18, entitled Terminating Accounts.

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is redundant or repetitive in that it seeks the same information provided in response to Interrogatory 13 above.**

17. Who at the West Hartford branch of the Bank had the ultimate authority to terminate an account of a customer of the Bank under the section of the Bank's Personal Deposit Account Agreement referred to in the previous interrogatory, or to terminate such accounts for any reason whether pursuant to the Bank's Personal Deposit Account Agreement or for other reasons?

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is redundant or repetitive in that it seeks the same information provided in response to Interrogatories 3, 14 and 15 above.**

20. During a telephone conversation between the Plaintiff and First Vice President Fujio on or about April 29, 2016, did Ms. Fujio refuse a request by the Plaintiff for an extension of time within which she told him his account would be terminated, so that the Plaintiff could explain the nature of his business since she had incorrectly described to the Plaintiff?

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is argumentative and presumes allegations contained in the Complaint are true despite the Defendant's denial of same.**

23. Please state whether any of the Bank's policies, written or otherwise, would prohibit any of its employees from stating to a customer of the Bank that it did not want to do business or want money from that "type" of a customer of the Bank, no matter what the reference to the customer's type was intended to refer.

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is argumentative, presumptive and calls for speculation.**

24. Please state whether any of the Bank's policies, written or otherwise, prohibit employees from inquiring about the national origin of any of its customers. If there is no such prohibition how would the Bank prevent any of its employees from using such information about its customers' national origin for improper purposes?

**Objection. The Defendant objects to the foregoing interrogatory on the basis that it is argumentative, presumptive and calls for speculation.**